# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:11-CV-608-MOC-DSC

| | |
|---|---|
| LAN N. VU and CHIEN G. NGUYEN, | ) |
| Plaintiff, | ) |
| v. | ) |
| CITIMORTGAGE, DOES 1-100 INCLUSIVE, | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court following the pro se Plaintiffs' failure to respond to the Defendant Citimortgage, Inc.'s "Special Appearance and Motion To Dismiss" (document #5) filed March 16, 2012 and the Court's "Memorandum and Order" (document #8) entered that same date pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the District Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916

F.2d 171, 174 (4th Cir. 1990).

Applying these factors, the Court concludes that dismissal for failure to prosecute is the appropriate remedy for Plaintiffs' failure to respond to Defendants' Motion to Dismiss and the Court's Order.  Given Plaintiffs' decision to abandon their claims for all practical purposes, there is no reason to believe that any less severe sanction would be effective.

For this reason, as well as for the reasons stated in Defendant's "Brief in Support" at 2-18 (document #6), the undersigned respectfully recommends that Defendants' Motion be <u>granted</u> and the Complaint be <u>dismissed with prejudice</u>.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Citimortgage, Inc.'s "Motion To Dismiss" (document #5) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005);

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 23, 2012

David S. Cayer
United States Magistrate Judge